The Honorable Ted House State Senator, District 2 State Capitol Building Jefferson City, Missouri 65101
Dear Senator House:
This opinion responds to your question asking:
 Would a Missouri sheriff's deputy, who is a full-time sworn deputy sheriff on special assignment to a multijurisdictional enforcement group (MEG), have jurisdiction under Section 195.505, statewide, for an investigation and arrest?
The Intergovernmental Drug Laws Enforcement Act, §§195.501 to 195.511,[1] authorizes MEGs. Section 195.505 of that act provides:
 1. Any two or more political subdivisions or the state highway patrol and any one or more political subdivisions may by order or ordinance agree to cooperate with one another in the formation of a multijurisdictional enforcement group for the purpose of intensive professional investigation of narcotics and drug law violations.
 2. The power of arrest of any peace officer who is duly authorized as a member of a MEG unit shall only be exercised during the time such peace officer is an active member of a MEG unit and only within the scope of the investigation on which the MEG unit is working. Notwithstanding other provisions of law to the contrary, such MEG officer shall have the power of arrest, as limited in this subsection, anywhere in the state and shall provide prior notification to the chief of police of the municipality in which the arrest is to take place or the sheriff of the county if the arrest is to be made in his venue. If exigent circumstances exist, such arrest may be made; however, notification shall be made to the chief of police or sheriff, as appropriate, as soon as practical. The chief of police or sheriff may elect to work with the MEG unit at his option when such MEG is operating within the jurisdiction of such chief of police or sheriff.
(Our emphasis).
Your inquiry concerns a MEG member's authority to investigate crime and make arrests because that member has an inadequate number of peace officer training hours for peace officer certification in some jurisdictions where that member might make arrests. That member does, however, meet the peace officer training requirements for that member's home jurisdiction.
Section 590.110.1 requires peace officers to obtain peace officer certification from the director of the Missouri Department of Public Safety before a public law enforcement agency may appoint them. While chapter 590 sets minimum training standards, § 590.105.4 allows individual jurisdictions to impose stricter standards. Therefore, a peace officer that meets one jurisdiction's standards, may not meet another's. Section590.130 provides that no arrest is unlawful solely because the arresting peace officer is not certified.
We question whether chapter 590 has any relevance to a MEG member's power to investigate crime or to make arrests, particularly in light of § 590.130.[2] However, if peace officer certification was relevant, § 195.505.2 clearly authorizes a MEG member, notwithstanding that or other provisions of the law to the contrary, to arrest anywhere in the state, so long as the member exercises that power while an active member of the group, gives the proper notice to local authorities, and makes the arrest within the scope of the group's investigation.
CONCLUSION
It is the opinion of this office that a member of a multijurisdictional enforcement group (MEG) may, under §195.505.2, make an arrest anywhere in Missouri so long as the arrest is within the scope of the group's investigation and proper notice is given to the local authorities. The member may make such arrest notwithstanding that the member fails to meet peace officer certification standards in the jurisdiction of the arrest.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] All statutory references are, unless otherwise indicated, to the 1994 Revised Statutes of Missouri (RSMo).
[2] Chapter 590 does not address powers of arrest. However, in Forste v. Benton, 792 S.W.2d 910, 914-5 (Mo.App., S.D. 1990), the court of appeals relied in part on § 590.100 (4) and (5)'s definitions of "peace officer" and "reserve officer" in concluding that a City of Springfield reserve police officer had no authority to make an arrest for suspicion of a motorist driving while intoxicated.